Robert **VENETUCCI**, Plaintiff–Appellant,

v.

**DEPARTMENT OF STATE**, Defendant–Appellee.

No. 05–3957–cv.

United States Court of Appeals, Second Circuit.

March 2, 2006.

Robert Venetucci, Rochester, Minnesota, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (on the brief), Varuni Nelson and Sarah Lum, Assistant United States Attorneys, Brooklyn, New York, for Respondent, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN,* Circuit Judges.

* The Honorable Reena Raggi was originally a member of this panel but recused herself from consideration of this appeal. The remaining

## SUMMARY ORDER

Plaintiff-appellant Robert Venetucci, *pro se*, asks that we reverse the *sua sponte* dismissal by the United States District Court for the Eastern District of New York (Ross, *J.*) of his amended complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts.

Both the United States and Italy adhere to the Convention on the Transfer of Sentenced Persons (the "Strasbourg Convention"), under which prisoners may be transferred to their home countries for service of sentence. *See* 35 U.S.T. 2867, Mar. 21, 1983, implemented at 18 U.S.C. §§ 4100–15. Under the terms of the Strasbourg Convention, United States courts are prohibited from exercising jurisdiction over collateral attacks by offenders transferred from signatory states, including Italy, to the United States. Pursuant to the Treaty, only Italy, as the "sentencing State," "shall have the right to decide on any application for review of the judgment." Strasbourg Convention, art. XIII. Moreover, the relevant implementing statute provides that "the country in which the offender was convicted shall have exclusive jurisdiction and competence over proceedings seeking to challenge, modify, or set aside convictions or sentences handed down by a court of such country." 18 U.S.C. § 3244(1).

Venetucci claims that the district court should have exercised jurisdiction over his complaint because he sought to challenge the State Department's January 1985 decision to permit his trial in Italy on the murder charge, and not attack his Italian murder conviction. This allegation is belied by his requested relief for a "declaratory judgment that detention, trial and

two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

punishment" for the murder charge be declared "void ab initio." Because Venetucci challenges neither the manner of execution of his sentence in the United States nor his transfer to the United States, *see* 18 U.S.C. §§ 3244(3), (5) (permitting an offender to bring such challenges in United States' courts subsequent to transfer), the district court lacked jurisdiction over his complaint.

We have considered all of the appellant's other arguments and conclude they are without merit. The judgment of the district court is **AFFIRMED.**